UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH HOFFMAN,<br><br>　　　Plaintiff,<br><br>　v.<br><br>GENPACT,<br><br>　　　Defendant. | CIVIL ACTION NO. 3:22-CV-00009<br><br>(MEHALCHICK, M.J.) |
| ELIZABETH HOFFMAN,<br><br>　　　Plaintiff,<br><br>　v.<br><br>GENPACT,<br><br>　　　Defendant. | CIVIL ACTION NO. 3:22-CV-00154<br><br>(MEHALCHICK, M.J.) |

## MEMORANDUM

Presently before the Court is *pro se* Plaintiff Elizabeth Hoffman ("Hoffman")'s motion to seal filed on January 3, 2022, and Defendant Genpact, LLC ("Genpact")'s motion to compel arbitration and motion to consolidate filed on February 4, 2022. (*Hoffman II* Doc. 2; *Hoffman II* Doc. 7; *Hoffman II* Doc. 8). On January 2, 2022, Hoffman commenced civil action No. 3:22-CV-00154 by filing a complaint against Genpact in the Court of Common Pleas of Luzerne County, Pennsylvania ("*Hoffman I*"), which Genpact removed to the Middle District of Pennsylvania on January 28, 2022, pursuant to 28 U.S.C. § 1331. (*Hoffman I* Doc. 1). On January 3, 2022, Hoffman filed her complaint in the instant civil action ("*Hoffman II*"). (*Hoffman II* Doc. 1). The complaints in both cases assert claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities

Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* (*Hoffman I* Doc. 1-3; *Hoffman II* Doc. 1). On February 18, 2022, Hoffman filed her agreement to consolidate these actions. (*Hoffman I* Doc. 6; *Hoffman II* Doc. 11). For the following reasons, Hoffman's motion to seal shall be denied, and Genpact's motion to consolidate and motion to compel arbitration shall be granted.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

On January 2, 2022, Hoffman commenced *Hoffman I* by filing the complaint in the Court of Common Pleas of Luzerne County, along with a Pennsylvania "Confidential Document" form. (*Hoffman I* Doc. 1-1, at 2). On January 3, 2022, Hoffman commenced *Hoffman II* by filing a complaint in the Middle District of Pennsylvania, along with the motion to seal the case. (*Hoffman II* Doc. 1; *Hoffman II* Doc. 2). On January 28, 2022, Genpact removed *Hoffman I* to the Middle District of Pennsylvania. (*Hoffman I* Doc. 1). In both complaints, Hoffman alleges claims for discrimination, retaliation, and harassment based on her disability and national origin under Title VII, ADA, FMLA, and the Pennsylvania Human Resources Act. (*Hoffman I* Doc. 1-3, at 2; *Hoffman II* Doc. 1, at 1).

On February 4, 2022, Genpact filed the instant motion to consolidate *Hoffman I* and *Hoffman II*. (*Hoffman I* Doc. 3; *Hoffman II* Doc. 8). On the same day, Genpact also filed the instant motion to compel arbitration in both actions, along with a brief in support. (*Hoffman I* Doc. 2; *Hoffman I* Doc. 7; *Hoffman II* Doc. 7; *Hoffman II* Doc. 9). On February 18, 2022, Hoffman filed a brief in opposition to the motion to compel arbitration and a response to the motion to consolidate, concurring with the motion. (*Hoffman I* Doc. 5; *Hoffman I* Doc. 6; *Hoffman II* Doc. 10; *Hoffman II* Doc. 11).

II.     **DISCUSSION**

   A.   **HOFFMAN'S CAUSES OF ACTION CALL FOR CONSOLIDATION.**

In the motion to consolidate, Genpact requests that the Court consolidate *Hoffman I* and *Hoffman II* because the cases "involve identical parties, identical claims, are based on the same set of operative facts, and there is no risk of confusion or prejudice if these matters are consolidated." (*Hoffman II* Doc. 9, at 4-5). Genpact avers that "the only difference between the two Complaints is the addition of some information in paragraphs 57 and 60-62, the addition of enumerated counts (that are referenced elsewhere in the Complaint), and a formal prayer for relief (again, where such relief is referenced elsewhere in the Complaint)." (*Hoffman II* Doc. 9, at 2-3).

Rule 42(a) of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may ... consolidate the actions ...." Fed. R. Civ. P. 42(a)(2). A magistrate judge has the authority to rule on a consolidation request as a non-dispositive motion. *See Carcaise v. Cemex Inc.*, 217 F. Supp. 2d 603, 604 n.1 (W.D. Pa. 2002).

> Consolidation is appropriate to avoid unnecessary costs and/or delay, and to promote judicial economy. The mere existence of common issues, however, does not require consolidation. The savings of time and effort gained through consolidation must be balanced against the inconvenience, delay or expense that might result from simultaneous disposition of the separate actions.
>
> *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80-81 (D.N.J. 1993) (citations omitted).

"[A] threshold requirement for consolidation is whether there exists a common question of law or fact." *Russell v. United States*, No. 1:12-CV-0407, 2012 WL 2792239, at *2 (M.D. Pa. July 9, 2012) (citing *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998)). The decision to consolidate cases with common issues of fact or law is still within the discretion

of the court so long as "consolidation would facilitate the administration of justice." *See Russell*, 2012 WL 2792239, at *2 (quoting *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991)); *see also Gambino v. Warden, FCI-Schuylkill*, No. 19-0249, 2019 WL 2005627, at *1 (M.D. Pa. May 7, 2019); *Liberty Lincoln Mercury*, 149 F.R.D. at 80. "In considering a motion to consolidate, the court must balance the saving of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause." *Gambino*, 2019 WL 2005627, at *1; *see also Mincy v. Chimielewski*, No. 1:05-CV-0292, 2006 WL 1997457, at *2 (M.D. Pa. July 17, 2006) (citing *Bernardi v. City of Scranton*, 101 F.R.D. 411, 413 (M.D. Pa. 1983)); *Russell*, 2012 WL 2792239, at *2.

*Hoffman I* and *Hoffman II* involve parallel facts, are presided over by the same Judge, and are in similar procedural postures. Hoffman's complaints contain identical questions of law and fact. Both complaints assert claims under Title VII, the ADA, the FMLA, and the Pennsylvania Human Relations Act. (*Hoffman I* Doc. 1-3; *Hoffman II* Doc. 1). The cases rely upon identical theories of recovery, based on the same issues surrounding disability and employment discrimination. (*Hoffman I* Doc. 1-3, at 2; *Hoffman II* Doc. 1, at 1); *see Russell*, 2012 WL 2792239, at *2. The two actions involve the same *pro se* plaintiff and single defendant. Additionally, both cases are assigned to Chief Magistrate Judge Mehalchick. *See Averhart v. Comm. Workers of Am.*, 688 F. App'x, 158, 161 (3d Cir. 2017). Finally, the two cases are in similar procedural postures as they are in the pre-answer stage and discovery has not begun. *See Galicki v. New Jersey*, No. 14-1319, 2014 WL 4105441, at *4 (D.N.J. Aug. 18, 2014) (consolidating two cases "given that both actions are still in their relative infancy and have nearly identical procedural postures").

Due to the multitude of similarities between the cases, the parties would not be

prejudiced, inconvenienced, or forced to incur unnecessary expense if the cases were consolidated. *See Gambino*, 2019 WL 2005627, at *1. Additionally, the Court would save time and effort in deciding the substantially similar cases as one. *See Gambino*, 2019 WL 2005627, at *1. Thus, the factors balance in favor of the consolidation of the two cases. *See Averhart*, 688 F. App'x, at 161 (determining that cases were "consolidated into one action by the District Court" when they "proceeded in the same forum and in front of the same judge; the plaintiff represented himself in both cases; and there was a great deal of overlap in the defendants and claims").

Accordingly, Genpact's motions to consolidate are GRANTED. (*Hoffman I* Doc. 3; *Hoffman II* Doc. 8). The above-captioned cases are consolidated on all matters. All future filings shall be made at Docket No. 3:22-CV-00009 and any pending motions in *Hoffman I* shall be decided under Docket No. 3:22-CV-00009. The Clerk of Court will be directed to close the case of *Hoffman I* at Docket No. 3:22-00154.

B. THE LAWSUIT SHALL BE UNSEALED.

In *Hoffman II*, Hoffman filed a Pennsylvania "Confidential Document" form to her complaint, designating the complaint as confidential pursuant to 204 Pa. Code § 213.81. (*Hoffman I* Doc. 1-1, at 2). Hoffman avers that the complaint is confidential because she included her alleged medical condition in the complaint and related documents. (*Hoffman I* Doc. 1-3, at 2). In *Hoffman II*, Hoffman filed a motion to seal the case. (*Hoffman II* Doc. 2). Hoffman explains that sealing the complaint and all correspondences is necessary because "[w]ith this complaint being readily available to the public will cause hardship for re-employment." (*Hoffman II* Doc. 2, at 1). Hoffman goes on to describe a situation where a

prospective employer chose not to hire Hoffman because "something was said by Genpact." (*Hoffman II* Doc. 2, at 1).

It is well-established that there is a "common law public right of access to judicial proceedings on records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). Ordinarily, documents filed with the Court or utilized in connection with judicial proceedings are part of the public record with a presumptive right of public access. *Leucadta v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993). In ordinary civil litigation, "[t]he party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). "A party who seeks to seal an entire record faces an even heavier burden." *Miller*, 16 F.3d at 551. "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Cendant*, 260 F.3d at 194.

Under 204 Pa. Code § 213.81, Section 8.0, "[c]onfidential documents submitted with the Confidential Document Form shall not accessible to the public, except as ordered by a court." "If a filed document fails to comply with the requirements of this section, a magisterial district court may, upon request or its own initiative, with or without a hearing, order that any such documents be sealed." 204 Pa. Code § 213.81, Section 8.0(G). Section 1.0(K) defines "medical /psychological records" to be "records relating to the past, present, or future physical or mental health or condition of an individual."

While Hoffman has provided the Court with her reasons for wanting the matter sealed, she has not alleged with sufficient particularity the harm that would be averted by sealing the

entire case record. Moreover, Hoffman's complaint does not reference medical records or quotes from medical records. Beyond conclusory allegations that prospective employers would choose not to hire Hoffman because of "the identified disclosed disabilities which will be a recurring matter of the case," Hoffman has failed to articulate any cogent reason why this case record should be sealed and the public denied access to it. (*Hoffman II* Doc. 2, at 1); *see Minion v. Keystone Amerihealth Caritas,* No. 16-05454, 2018 WL 1535211, at *3-4 (D.N.J. Mar. 29, 2018) (denying motion to seal where plaintiff claimed lawsuit is a "distraction and hind[]rance to future employment."); *Jankowski v. Extendicare Homes, Inc.*, No. 10-6, 2011 WL 13193264, at *2 (W.D. Pa. May 10, 2011) (denying motion where plaintiff sought an order to seal case to make him "hireable"). Hoffman has failed, therefore, to carry the heavy burden necessary to warrant sealing the entire case record. For future filings, Hoffman may seal such documents and exhibits if they satisfy the requirements of 204 Pa. Code § 213.81.

III.   **CONCLUSION**

Accordingly, for the foregoing reasons, Hoffman's motion to seal (*Hoffman II* Doc. 2) is **DENIED** and the case record shall be **UNSEALED**. In addition, Genpact's motion to consolidate *Hoffman I* and *Hoffman II* (*Hoffman I* Doc. 3; *Hoffman II* Doc. 8) is **GRANTED**, *Hoffman I* shall be consolidated into *Hoffman II* at Docket No. 3:22-CV-00009. The Clerk of Court is directed to **CLOSE** the case of *Hoffman I* at Docket No. 3:22-CV-00154.

An appropriate Order follows.

BY THE COURT:

Dated: February 25, 2022

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**