UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH HOFFMAN,<br><br>   Plaintiff,<br><br> v.<br><br>GENPACT,<br><br>   Defendant. | CIVIL ACTION NO. 3:22-CV-00009<br><br>(MEHALCHICK, M.J.) |
| ELIZABETH HOFFMAN,<br><br>   Plaintiff,<br><br> v.<br><br>GENPACT,<br><br>   Defendant. | CIVIL ACTION NO. 3:22-CV-00154<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is the motion of Defendant Genpact, LLC ("Genpact") to compel arbitration and stay proceedings filed on February 4, 2022. (Doc. 7). *Pro se* Plaintiff Elizabeth Hoffman ("Hoffman") asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA"). (Doc. 13). On February 25, 2022, upon the parties' concurrence, the Court consolidated the above-captioned actions into this civil action. (Doc. 13; Doc. 14). For the following reasons, Genpact's motion shall be DENIED.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On October 8, 2018, Hoffman began employment for Genpact, a global professional

services firm, as a payroll specialist. (Doc. 1, at 10). On Hoffman's first day of work, she electronically completed and signed various onboarding documents, policies, procedures, and acknowledgments, including an exclusive arbitration agreement, through Genpact's online human resources management system, SilkRoad Technology. (Doc. 1, at 11; Doc. 16, at 9-10). According to her complaint, Hoffman made several ADA accommodation requests to Genpact's human resources department regarding her Central Auditory Processing Disorder ("CAPD"), Mixed Receptive-Expressive Language Disorder ("MERLD"), and Tinnitus. (Doc. 1, at 3-4, 12). However, Genpact nevertheless discriminated against Hoffman, mocked and ridiculed her, and subjected her to a hostile work environment. (Doc. 1, at 3-5). In addition, Hoffman's complaint alleges that Genpact unlawfully released her private medical information, excluded her from training and work tasks for seven months, and excluded her from pay increases and bonuses that other non-disabled staff were provided. (Doc. 1, at 3). On September 11, 2020, Hoffman's employment for Genpact was terminated for "low quality scores." (Doc. 1, at 28; Doc. 16, at 9).

On January 2, 2022, Hoffman commenced civil action No. 3:22-CV-00154 by filing a complaint against Genpact in the Court of Common Pleas of Luzerne County, Pennsylvania, which Genpact removed to the Middle District of Pennsylvania on January 28, 2022, pursuant to 28 U.S.C. § 1331. (Doc. 16, at 13). On January 3, 2022, Hoffman commenced civil action No. 3:22-CV-00009 by filing a complaint against Genpact in the Middle District, along with the motion to seal the case. (Doc. 2; Doc. 16, at 13). In both complaints, Hoffman alleges claims for discrimination, retaliation, and harassment based on her disability and national origin under Title VII, ADA, FMLA, and PHRA. (Doc. 1, at 6; Doc. 16, at 13).

On February 4, 2022, Genpact filed the instant motion to compel arbitration. (Doc.

7). On February 18, 2022, Hoffman filed a brief in opposition of the motion, which argues that the agreement is unenforceable based on procedural and substantive unconscionability. (Doc. 10, at 2). On the same day, Genpact filed a brief in support of the motion to compel, attaching an arbitration agreement signed by Hoffman and arguing that the agreement requires her to resolve her claims through binding arbitration. (Doc. 16, at 11-12; Doc. 16-1, at 22). On February 25, 2022, the Court consolidated the above-captioned actions and unsealed the case record. (Doc. 13; Doc. 14). The motion to compel arbitration is fully briefed and ripe for disposition. (Doc. 10; Doc. 16; Doc. 17; Doc. 18).

II. **DISCUSSION**

Genpact's motion to compel arbitration alleges that Hoffman is a former employee and that the employment agreement she signed at the onset of such employment mandates arbitration. (Doc. 16, at 18). In support of its motion, Genpact asserts that the scope and procedures of the arbitration agreement are sufficiently definite, the employment agreement shows mutual assent and consideration of both parties, and that Hoffman's claims fall squarely within the sphere of the employment agreement. (Doc. 16, at 18-23). Genpact submits that "[b]ecause the Employment Agreement meets all of the essential elements of a valid contract, it is an enforceable agreement to arbitrate under the FAA that must be enforced pursuant to applicable federal and Pennsylvania law favoring enforcement of agreements to arbitrate." (Doc. 16, at 22). In her brief in opposition, Hoffman argues that the arbitration agreement is invalid and unenforceable because the agreement is "both substantively and procedurally unconscionable at the time of its formation." (Doc. 10, at 2). In response, Genpact submits that under Pennsylvania law, Hoffman has the burden of showing that the contract is unconscionable and that, because she has failed to meet this burden, the arbitration

agreement must be enforced. (Doc. 17, at 4).

The initial question of arbitrability—i.e., whether or not the parties validly agreed to arbitrate—is presumed to be a question for the court unless the parties clearly and unmistakably indicate otherwise. *Briggs v. Macy's Inc.*, No. 3:16-CV-0902, 2017 WL 590274, at *2-3 (M.D. Pa. Feb. 14, 2017); *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 773 (3d Cir. 2013). In *Guidotti*, the Third Circuit Court of Appeals clarified the appropriate standard of review to be applied to a motion to compel arbitration filed before the completion of discovery. *Guidotti*, 716 F.3d at 771. This clarification was needed due to conflicting precedent using the standard under Federal Rule of Civil Procedure 12(b)(6) applied to motions to dismiss as compared to precedent using the standard under Federal Rule of Civil Procedure 56 applied to motions for summary judgment. *Guidotti*, 716 F.3d at 771. The Third Circuit determined that this conflict was premised on the competing purposes of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., governing arbitration versus the values underlying contract interpretation more generally. *Guidotti*, 716 F.3d at 773. While the FAA "calls for a summary and speedy resolution of motions or petitions to enforce arbitration clauses," enforcement of the private agreement between the parties is also an important consideration. *Guidotti*, 716 F.3d at 773 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983)). "Accordingly, '[b]efore a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be express, unequivocal agreement to that effect.' " *Guidotti*, 716 F.3d at 773 (quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 (3d Cir. 1980)) (alteration in original).

The Third Circuit in *Guidotti* held that where the affirmative defense of arbitrability is apparent on the face of the complaint or those documents relied upon in the complaint, the

standard under Rule 12(b)(6) should be applied. *Guidotti*, 716 F.3d at 773-74. In those cases, the FAA would favor speedy resolution without the delay of discovery. *Guidotti*, 716 F.3d at 773-74. "[A] more deliberate pace is required" when either (1) the complaint and documents referenced therein do not establish with "requisite clarity" that the parties agreed to arbitrate or (2) "the opposing party has come forth with reliable evidence that is more than a 'naked assertion ... that it did not intend to be bound,' even though on the face of the pleadings it appears that it did." *Guidotti*, 716 F.3d at 774 (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 479 (E.D. Pa. 2011) and *Par-Knit Mills*, 636 F.2d at 55).

When the issue of arbitrability is not apparent on the fact of the complaint, "the motion to compel arbitration *must* be denied pending further development of the factual record." *Guidotti*, 716 F.3d at 774 (emphasis added). When the issue of arbitrability is apparent on the face of the complaint but the non-moving party has come forward with evidence to place the question in issue, the motion should be resolved according to the standard provided in Rule 56. *Guidotti*, 716 F.3d at 774. "Under either of those scenarios, a restricted inquiry into the factual issues will be necessary to properly evaluate whether there was a meeting of the minds on the agreement to arbitrate, and the non-movant *must* be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement." *Guidotti*, 716 F.3d at 774 (emphasis added) (internal citations and quotations omitted). "After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard." *Guidotti*, 716 F.3d at 776. Several courts within this district have denied motions to compel arbitration and ordered limited discovery where the issue of arbitrability was not apparent on the face of the complaint,

properly applying *Guidotti*. *See, e.g., Fox v. Berry*, No. 3:20-CV-1998, 2021 WL 4100353 at \*7 (M.D. Pa. Sept. 8, 2021) (denying motion to compel and granting limited discovery to determine validity of arbitration agreement in employment contract); *Rodriguez v. Mastronardi Produce-USA, Inc.*, No. 1:20-CV-01702, 2021 WL 2634403, at \*2 (M.D. Pa. June 25, 2021) (same); *Potts v. Credit One Financial*, No. 3:15-CV-1119, 2016 WL 225678, at \*5 (M.D. Pa. Jan. 19, 2016) (allowing sixty (60) day limited discovery on the issue of arbitrability).

Here, Hoffman's complaint sets forth allegations regarding her claims under the ADA, but it does not mention or reference any agreement to arbitrate. (Doc. 1). Further, the complaint does not rely on or incorporate by reference the agreement submitted by Genpact in any way. (Doc. 1). Hoffman solely alleges violations under Title VII, ADA, FMLA, and the Pennsylvania Human Resources Act; not any breach of contract. (Doc. 1, at 6-7). Therefore, Genpact's motion to compel arbitration cannot be decided under the motion to dismiss standard of Rule 12(b)(6) because it is not apparent on the face of the complaint or any documents relied upon therein that Hoffman's claims are subject to an enforceable arbitration clause.

Further, Hoffman responded to Genpact's motion to compel arbitration "with additional facts sufficient to place the agreement to arbitrate in issue." *Guidotti*, 716 F.3d at 776. Specifically, Hoffman, in her brief in opposition, argues that Genpact has not shown that a valid contract was entered into by Hoffman with Genpact, asserting that the arbitration agreement is "both substantively and procedurally unconscionable," as she was not informed how to revoke the agreement and "there was no assistance for offering new applicants with disabilities on how this arbitration agreement can impact a disabled newly hired employee." (Doc. 10, at 2). Hoffman does not dispute that she electronically signed the employment

agreement. Instead, Hoffman avers that she was forced to execute the arbitration agreement because she "was only allowed a minute or two to only sign and [coerced] and fraudulently forced on to the next electronic agreement/paper which was mandatorily to be signed." (Doc. 10, at 1-2). In essence, Hoffman asserts that she was fraudulently induced to enter into an agreement because the agreement to arbitrate was concealed from her. In turn, Genpact submits that Hoffman failed to proffer persuasive authority to satisfy her burden of showing that the contract is unconscionable and, therefore, unenforceable. (Doc. 17, at 4).

Therefore, since arbitrability is not apparent on the fact of the complaint and Hoffman "has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue," *Guidotti* instructs that "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." 716 F.3d. at 776. "Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect." *Par-Knit Mills*, 636 F.2d at 54. A restricted inquiry into the factual issues is necessary to properly evaluate whether there was a meeting of the minds on the agreement to arbitrate, and the non-movant *must* be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of the arbitration agreement. *Guidotti*, 716 F.3d at 774 (internal citations and quotations omitted). Thereafter:

> After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. In the event that summary judgment is not warranted because the party opposing arbitration can demonstrate, by means of citations to the record that there is a genuine dispute as to the enforceability of the arbitration clause, the court may then proceed summarily to a trial regarding the making of the arbitration agreement or the failure, neglect or refusal to perform the same, as Section 4 of the FAA envisions.
>
> *Guidotti*, 716 F.3d. at 776. (internal quotation marks omitted).

Accordingly, Genpact's motion to compel arbitration and stay will be DENIED without prejudice subject to renewal upon completion of the limited discovery that this Court will order in connection with this matter. (Doc. 7). The Court will grant the parties thirty (30) days to conduct limited discovery on the issue of whether a valid agreement to arbitrate was entered into by the parties and whether Hoffman's claims are governed by that agreement. *See Fox*, 2021 WL 4100353 at *7; *Rodriguez*, 2021 WL 2634403, at *2. At the close of that thirty days, or before if discovery is complete, Genpact may file a renewed motion to compel arbitration, which will be promptly reviewed by this Court under a motion for summary judgment standard. Fed. R. Civ. P. 56. All other discovery will be stayed for that period of time, and until such time as the Court decides the issue of arbitrability.

III. **CONCLUSION**

For the foregoing reasons, Genpact's motion to compel arbitration and stay (Doc. 7) is **DENIED**, without prejudice to the filing of a renewed motion to compel arbitration following a brief period of time in which the parties should conduct limited discovery on the issue of the parties' intent to be bound by a valid arbitration agreement. This matter shall be stayed pending the outcome of a decision on the issue of arbitrability.

An appropriate Order follows.

                                            **BY THE COURT:**

Dated: March 14, 2022                                *s/ Karoline Mehalchick*
                                                     **KAROLINE MEHALCHICK**
                                                     **Chief United States Magistrate Judge**