UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH HOFFMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GENPACT,<br><br>　　　　Defendant. | CIVIL ACTION NO. 3:22-CV-00009<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

*Pro se* Plaintiff Elizabeth Hoffman ("Hoffman") initiated the above-captioned actions by filing two complaints against Defendant Genpact asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA"). (Doc. 1); *Hoffman v. Genpact*, No. 3:22-CV-00154 (M.D. Pa. Jan. 28, 2022), ECF No. 1. On February 25, 2022, upon the parties' concurrence, the Court consolidated the above-captioned actions into this civil action. (Doc. 13; Doc. 14). On March 31, 2022, the parties consented to proceed before the undersigned United State Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 23). For the following reasons, Hoffman's complaint shall be dismissed for failure to prosecute and failure to comply with a Court Order.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On October 8, 2018, Hoffman began employment for Genpact, a global professional services firm, as a payroll specialist. (Doc. 1, at 10). On Hoffman's first day of work, she electronically completed and signed various onboarding documents, policies, procedures, and acknowledgments, including the At-Will Employment, Confidential Information, Invention

Assignment, and Arbitration Agreement ("Employment Agreement"), through Genpact's online human resources management system, SilkRoad Technology. (Doc. 1, at 11; Doc. 35, at 7-12). According to her complaint, Hoffman made several ADA accommodation requests to Genpact's human resources department regarding her Central Auditory Processing Disorder ("CAPD"), Mixed Receptive-Expressive Language Disorder ("MERLD"), and Tinnitus. (Doc. 1, at 3-4, 12). However, Hoffman avers that Genpact discriminated against her, mocked and ridiculed her, and subjected her to a hostile work environment. (Doc. 1, at 3-5). In addition, Hoffman's complaint alleges that Genpact unlawfully released her private medical information, excluded her from training and work tasks for seven months, and excluded her from pay increases and bonuses that other non-disabled staff was provided. (Doc. 1, at 3). On September 11, 2020, Hoffman's employment for Genpact was terminated for "low quality scores." (Doc. 1, at 28).

On January 2, 2022, Hoffman commenced civil action No. 3:22-CV-00154 by filing a complaint against Genpact in the Court of Common Pleas of Luzerne County, Pennsylvania, which Genpact removed to the United States District Court for the Middle District of Pennsylvania on January 28, 2022, pursuant to 28 U.S.C. § 1331. *Hoffman v. Genpact*, No. 3:22-CV-00154 (M.D. Pa. Jan. 2, 2022). On January 3, 2022, Hoffman commenced civil action No. 3:22-CV-00009 by filing a complaint against Genpact in the Middle District, along with the motion to seal the case. (Doc. 1; Doc. 2). In both complaints, Hoffman alleges claims of discrimination, retaliation, and harassment based on her disability and national origin under Title VII, ADA, FMLA, and PHRA. (Doc. 1, at 6); *Hoffman v. Genpact*, No. 3:22-CV-00154 (M.D. Pa. Jan. 2, 2022), ECF No. 1, at 3.

On February 4, 2022, Genpact filed a motion to compel arbitration. (Doc. 7). On

February 18, 2022, Hoffman filed a brief in opposition to the motion, which argued that the agreement is unenforceable based on procedural and substantive unconscionability. (Doc. 10, at 2). On the same day, Genpact filed a brief in support of the motion to compel, attaching an arbitration agreement signed by Hoffman and arguing that the agreement requires her to resolve her claims through binding arbitration. (Doc. 16, at 11-12; Doc. 16-1, at 22). On February 25, 2022, the Court consolidated the two actions under civil action No. 3:22-CV-00009, and unsealed the case record. (Doc. 13; Doc. 14). On March 14, 2022, the Court denied Genpact's motion to compel arbitration without prejudice and granted the parties thirty days to conduct limited discovery on the issue of whether Hoffman's claims are governed by a valid arbitration agreement. (Doc. 19; Doc. 20).

Hoffman filed the first motion for extension of time to complete discovery on March 22, 2022, which the Court granted on April 4, 2022. (Doc. 21; Doc. 24). Hoffman filed the second motion for extension of time to complete discovery on April 13, 2022, which the Court granted on April 26, 2022. (Doc. 27; Doc. 29). Hoffman filed the third motion for extension of time to complete discovery on May 27, 2022, which the Court granted in part and denied in part on June 3, 2022, stating that discovery was due by June 28, 2022, and that "[n]o further extensions of time will be permitted." (Doc. 30; Doc. 32). On June 17, 2022, Hoffman filed the fourth motion for extension of time to complete discovery. (Doc. 33). On June 28, 2022, Genpact filed a renewed motion to compel arbitration. (Doc. 34).

On September 12, 2022, the Court granted Genpact's motion to compel arbitration finding that there is no dispute of material fact that the Employment Agreement is a valid and enforceable contract, the arbitration agreement is not unconscionable, and that Hoffman's claims are within the scope of the arbitration agreement. (Doc. 53; Doc. 54). In addition, the

Court stayed this matter pending the completion of the arbitration. (Doc. 53; Doc. 54). On April 11, 2023, the Court directed the parties to file a status report. (Doc. 54). On May 1, 2023, Genpact filed a status report, notifying the Court that Hoffman has taken no action in this matter since the Court entered its September 12, 2022, Order, and requesting that the Court dismiss the complaint pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 56). In addition, Genpact asserts that it has not received any communications from Hoffman, nor a notification that she has submitted the dispute to arbitration with JAMS as required by the Arbitration Agreement. (Doc. 56, at 1). On the same day, Hoffman filed a status report, explaining that she requires accommodations under the Americans with Disabilities Act ("ADA") due to her disabilities with comprehension and legal representation to pursue her claims. (Doc. 57, at 1-3). Now, almost one year after the Court granted Genpact's motion to compel arbitration, Hoffman has still not initiated arbitration proceedings.

II.   **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *see also Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b). A court's

decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. See *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984).

The *Poulis* factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . ." *Mindek*, 964 F.2d at 1373. No one factor is determinative and not all of the *Poulis* factors must be met to warrant dismissal. *Mindek*, 964 F.2d at 1373; *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." *Sebrell ex rel. Sebrell v. Phila. Police Dep't*, 159 F. Appx. 371, 373 (3d Cir. 2005) (not precedential) (citing *Landon v. Hunt,* 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). In light of this framework, the undersigned finds that a careful assessment of the *Poulis* factors in the case at bar weighs heavily in favor of dismissing this action

III.   **DISCUSSION**

To properly evaluate whether the complaint should be dismissed for failure to prosecute, each *Poulis* factor will be analyzed to determine whether these factors individually and/or collectively weigh in favor of dismissal.

A. PLAINTIFF'S PERSONAL RESPONSIBILITY

Looking to the *Poulis* factors, the undersigned finds that a consideration of the first factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to Hoffman. Because Hoffman is a *pro se* litigant, she is solely responsible for prosecuting her claim. *See Hoxworth v. Blinder Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (not precedential); *see also Emerson*, 296 F.3d at 191; *Winston v. Lindsey*, Civ. No. 09-224, 2011 WL 6000991, at *2 (W.D. Pa. Nov. 30, 2011) (concluding that a *pro se* litigant "bears all of the responsibility for any failure to prosecute his claims"). During the year that followed the Court's Order granting Genpact's motion to compel arbitration and staying this action to allow the parties to pursue arbitration, Hoffman has not taken any action to pursue arbitration. In her May 1, 2023, status report, Hoffman appears to represent to the Court that she has no intention of moving forward with the arbitration, suggesting that "[t]he arbitration company is also paid by the employer so they are bias for the benefit of the employer and do not give fair representation." (Doc. 57, at 2). Hoffman's belief and concern, however, does not excuse her from complying with the Court's Order. *See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC,* 45 F.4th 655, 661 (3d Cir. 2022) (affirming dismissal of complaint where plaintiff refused to comply with order compelling arbitration) (citing *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) ("Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action.") (quotation omitted)). As such, this factor weighs in favor of dismissal.

B. PREJUDICE TO DEFENDANT

As for the second *Poulis* factor, a finding of prejudice does not require "irremediable harm." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Here, the Court finds that Hoffman's failure to pursue arbitration or comply with the Court's Order now wholly frustrates and delays resolution of this action. Going forward, such failure to litigate would prejudice Genpact, who without timely responses by Hoffman could not seek a timely resolution of the case. *See Lonon v. J.G. Wentworth Co.*, No. CV 16-6456, 2018 WL 5316349, at *3 (E.D. Pa. Oct. 26, 2018) (failure to pursue arbitration prejudices defendant and compels dismissal). As such, the second *Poulis* factor weighs in favor of dismissal.

### C. H<small>ISTORY OF</small> D<small>ILATORINESS</small>

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874; *see also Emerson*, 296 F.3d at 191 (per curium) (finding a history of dilatory conduct where the plaintiff repeatedly requested stays and failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." *Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) (citation omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." *Adams*, 29 F.3d at 875. Here, the Court has afforded Hoffman an opportunity to pursue arbitration in compliance with the Employment Agreement, and she has not done anything for almost a

year. As such, Hoffman's actions demonstrate a history of dilatoriness that weighs in favor of dismissal.

### D. WILLFUL CONDUCT OR BAD FAITH

The fourth *Poulis* factor requires the Court to consider whether Hoffman's conduct reflects mere inadvertence or negligence, as opposed to "strategic," "intentional or self-serving behavior." *Adams*, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (quotation omitted). At this point in the case, Hoffman has failed to comply with the Court's instructions directing her to take specific actions in this case and advising her how to do so. (Doc. 53; Doc. 54). The Court is thus compelled to conclude that her actions are not accidental or inadvertent, but rather reflect an intentional disregard for the Court's directives and this case. *See Gilyard v. Dauphin Cty. Work Release*, No. 10-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010). As such, the fourth *Poulis* factor weighs in favor of dismissal.

### E. AVAILABILITY OF ALTERNATIVE SANCTIONS

The fifth *Poulis* factor examines the effectiveness of sanctions other than dismissal. 747 F.2d at 868. Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [Shehadeh], is proceeding *pro se*." *See Lopez,* 435 F. App' x at 116; *Emerson*, 296 F.3d at 191 (per curium); *Nowland v. Lucas,* No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012) ("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Under the instant circumstances where the Court is faced with the complete lack of cooperation on the part of the individual who brought the action,

the only appropriate sanction is dismissal. Otherwise the case would linger indefinitely on the Court's docket. The instant case presents a scenario where Hoffman's *pro se* status greatly limits the Court's ability to utilize other lesser sanctions to ensure that this action progresses in an orderly fashion. Thus far, the Court has issued orders advising Hoffman on her obligations in this case, but to no avail. She still declines to follow the Orders. Since lesser sanctions have been attempted and have been unsuccessful, only the sanction of dismissal remains available to the Court. *See Stanley v. United States*, No. 1:CV-12-0123, 2014 WL 4546530, at *4 (M.D. Pa. Sept. 12, 2014). As such, the fifth *Poulis* factor weighs in favor of dismissal

    F.  MERITORIOUSNESS OF PLAINTIFF'S CLAIMS

A claim is meritorious if the allegations of the pleadings would support recovery if established at trial. *Poulis*, 747 F.2d at 869-70. The Court has addressed the forum to pursue Hoffman's claims and, now, the question is what to do when Hoffman has refused to pursue her claims in the appropriate forum. Given the lack of any discovery, it is difficult to assess the merits, if any, of Hoffman's claims. Thus, this factor is neutral. *See Lonon*, 2018 WL 5316349, at *3 (quoting *Emerson*, 296 F.3d at 191).

    G.  BALANCING OF *POULIS* FACTORS

To reiterate, when weighing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. *Briscoe*, 538 F.3d at 263. Quite the contrary, the Court is guided by the Third Circuit's warning that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware*, 322 F.3d at 222; *Mindek*, 964 F.2d at 1373.

Here, on balance, the *Poulis* factors weigh heavily in favor of dismissal of this action for lack of prosecution.

In this situation, a number of courts have similarly found that a party's failure to commence arbitration proceedings may result in dismissal for failure to prosecute. *See R and C Oilfield Services, LLC v. American Wind Transport Group, LLC*, No. 2:19-CV-1201, 2021 WL 3682712, at *2 (W.D. Pa. Aug. 19, 2021), *aff'd sub nom. R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655 (3d Cir. 2022) (collecting cases); *Windward Agency, Inc. v. Cologne Life Reinsurance Co.*, 353 F. Supp. 2d 538, 540-43 (E.D. Pa. 2003) (case dismissed after application of *Poulis* factors for failure of plaintiff to appoint arbitrator and begin arbitration proceedings), *aff'd*, 123 F. App'x 481 (3d. Cir. 2005).

The Court's September 12, 2022, Memorandum and Order clearly and unequivocally held that the valid and enforceable Employment Agreement, which contains a conscionable arbitration agreement, requires arbitration of Hoffman's claims. (Doc. 54). The Court carefully considered, and rejected, Hoffman's arguments to the contrary. Well over a year passed and Hoffman C has not initiated the arbitration proceedings. Consistent with the factors set forth in *Poulis* and the similar cases cited above, the Court will not permit any further delay and the uncertainty caused by that delay.

Accordingly, having determined that five of the six *Poulis* factors individually and collectively weigh in favor of dismissal, Hoffman's complaint will be dismissed with prejudice for failure to prosecute.

IV. <u>CONCLUSION</u>

For the foregoing reasons, Hoffman's complaint (Doc. 1) is **DISMISSED WITH PREJUDICE** for failure to prosecute, and final judgment is entered in favor of Genpact. In addition, the Clerk of Court is directed to **CLOSE** this case.

An appropriate Order follows.

BY THE COURT:

Dated: October 10, 2023        *s/ Karoline Mehalchick*
                               **KAROLINE MEHALCHICK**
                               **Chief United States Magistrate Judge**